IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Terrence Anthony Wray, | ) | C/A No. 4:11-3443-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | REQUIRING RESPONSE FROM |
| | ) | PLAINTIFF |
| Portia Catrell Wray, | ) | BY NOVEMBER 5, 2012 |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed this action against his former wife ("Defendant") seeking to enforce her purported financial obligations under an Affidavit of Support Form I-864[1] that she allegedly signed in connection to Plaintiff's immigration. *See* Compl., ECF No. 1. Also proceeding pro se, Defendant filed an answer on February 15, 2012, responding to the Complaint. ECF No. 16.

On February 29, 2012, the court entered a Scheduling Order, ECF No. 17, setting forth deadlines applicable to Plaintiff and Defendant, and specifically advising them that the deadlines in the Order applied to them even though they were appearing pro se, *id.* at 1 n.1. In the Scheduling Order, the court specifically directed the parties to the court's special instructional guide for pro se litigants and instructed them to review specific portions of the

---

[1] Under certain circumstances, one sponsoring an alien for United States citizenship must sign an Affidavit of Support Form I-864 ("affidavit") agreeing "to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable." 8 U.S.C. § 1182(a)(1)(A); *see* 8 U.S.C. § 1182(a)(4). Such affidavit is a legally enforceable contract that is not terminated by divorce. *See, e.g., Younis v. Farooqi*, 597 F. Supp.2d 552, 554 (D. Md. 2009). The sponsor who signs such an affidavit submits him- or herself to the jurisdiction of any court in which an action to enforce the affidavit has been brought. *See* 8 U.S.C. § 1182(a)(1)(A).

Federal Rules of Civil Procedure and the Local Civil Rules of this court. *Id.* The court's docket indicates copies of the Scheduling Order were mailed to Plaintiff and Defendant at the addresses they provided the court. ECF No. 17.

To date, however, neither Plaintiff nor Defendant has submitted any of the documents required by the Scheduling Order, including their Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures. *See* Order ¶ 6. The Scheduling Order indicates this matter may be called for trial on or after October 18, 2012. *Id.* ¶ 7. Because Plaintiff has not submitted the required documents, though, it appears to the court that Plaintiff may wish to abandon this action.

Based on the foregoing, Plaintiff is directed to advise the court in writing whether he wishes to continue with this case no later than **November 5, 2012**. This document must contain the civil action number for this case, 4:11-3443-RBH-KDW, and should be mailed to the Office of the Clerk of Court, P.O. Box 2317, Florence, SC 29503. **Plaintiff is further advised that if he fails to respond, this action will be recommended for dismissal with prejudice for failure to prosecute.** *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

October 19, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge